**INQUIRY TRIBUNAL, Complainant,**

v.

**Timothy L. WELLS, Respondent.**

**No. 97–SC–275–KB.**

Supreme Court of Kentucky.

May 22, 1997.

### ORDER OF TEMPORARY SUSPENSION

Pursuant to SCR 3.165, the Inquiry Tribunal requests that this Court issue an order of temporary suspension against Respondent, Timothy L. Wells, whose last known address is Hyden, Kentucky.

In support of its petition, the Inquiry Tribunal has submitted an affidavit from Algain Davis, a client of Respondent. Davis alleges that in August of 1996, as part of his workers' compensation settlement, Respondent received a check for $46,695.85 made out to Respondent and Algain Davis. Davis received no money from the check and, after contacting his former employer in December of 1996, learned that Respondent had retained the settlement check. Although Davis's name appears on the back of the check, he does not remember signing it, nor does he recall Respondent explaining to him what would be done with the settlement check after endorsement.

According to the affidavit, Respondent at first denied having the check, but later admitted to Davis that he had the money. Respondent eventually gave Davis $24,000.00 in cash as well as two personal checks totalling $22,967.00. Davis attempted to cash the checks, but the bank informed him the account had been closed. When Davis returned to Respondent's office, Respondent wrote him a check on his wife's personal account for $6,000.00. After the bank returned that check for insufficient funds, Davis again went to Respondent's office. This time, Respondent gave him a cashier's check for $14,650.00. In all, Respondent has paid Mr. Davis a total of only $38,650.00 ($24,000.00 in cash plus the $14,650.00 cashier's check) and still owes him some $8,000.00. Since the two last spoke in December of 1996, Mr. Davis's efforts to contact Respondent have been unsuccessful.

We have considered the Inquiry Tribunal's petition and the documents attached in support thereof. There has been no response to this Court's show cause order of April 1, 1997. Accordingly, we conclude that reasonable cause exists to believe that Respondent has misappropriated funds he held for another for his own use, or has otherwise improperly dealt with said funds. Furthermore, we believe that reasonable cause exists to believe that, unless such an order is issued, a real and present danger exists to the public.

IT IS THEREFORE ORDERED that Respondent, Timothy L. Wells, be and he is hereby temporarily suspended from the practice of law in this Commonwealth until further order of this Court.

IT IS FURTHER ORDERED THAT:

1. Within twenty (20) days from the date of the entry of this order of suspension, Respondent shall notify all clients in writing of his inability to represent them and shall furnish copies of all such letters of notice to the director.

2. The temporary suspension of Respondent shall be effective with the entry of this order and shall continue in effect until such time as the merits of this disciplinary proceeding can be finally determined by this Court in accordance with SCR 3.370 or SCR 3.480 or until such time as Respondent can

show good cause why the order of temporary suspension should be amended or dissolved.

3. Such portion of this proceeding as contained in this order shall be deemed a matter of public record at this time. All other portions of the record shall be afforded the confidentiality required under SCR 3.150 unless otherwise directed by this Court.

4. Respondent shall pay the costs of these proceedings.

5. The Court hereby directs that this order be served upon Respondent by the Leslie County Sheriff, as well as by U.S. Mail.

All concur.

ENTERED: May 22, 1997.

/s/ Robert F. Stephens
Chief Justice