**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Timothy L. WELLS, Respondent.**

No. 98–SC–76–KB.

Supreme Court of Kentucky.

April 16, 1998.

Bruce K. Davis, Jane Hampton Herrick, Frankfort, for Complainant.

Timothy L. Wells, Hyden, for Respondent.

**OPINION AND ORDER
OF DISBARMENT**

Timothy L. Wells, whose last known address was Hyden, Kentucky, was charged by the Inquiry Tribunal in four cases involving four different clients. The cases were consolidated by the Board of Governors of the Kentucky Bar Association for the imposition of penalty. The Board voted to recommend disbarment of Wells from the practice of law.

**I. Case No. 6054**

In this four count charge, Wells, who made no response, was charged with violating SCR 3.130–8.3(b), engaging in a criminal act reflecting on a lawyer's honesty, trustworthiness or fitness; SCR 3.130–8.3(c), engaging in acts of dishonesty, fraud, deceit or representation. In Count II, he was charged with violating SCR 3.130–1.15(a), failing to segregate client's property. In Count III, Wells was charged with violating SCR 3.130–1.3, failing to act with reasonable diligence and promptness; and SCR 3.130–1.4, failing to reasonably inform a client of the status of a case. In Count IV, he is charged with violating SCR 3.130–8.1(a), failing to respond to a demand for information by a disciplinary authority.

Wells was representing a client in a workers' compensation matter and received a check from the employer's counsel in the sum of $46,695.85 as a settlement of the indemnity claim. At about the same time, he received two checks totalling $17,300 as his attorney's fee for the case paid by the employer and the Special Fund. Wells did not advise the client that he had received the settlement check and negotiated the check himself by endorsing the client's name on the check. The client repeatedly asked Wells whether the check had been received and Wells denied receiving the check. The client learned from his employer that the check had been sent, and when he confronted Wells with this fact, Wells gave the client $24,000 in cash and two personal checks totalling $22,967. When the client attempted to negotiate the checks, the bank advised him that the account was closed. Again he confronted Wells who gave him a check for $6,000 on his wife's personal account. This check was returned for non-sufficient funds. The client again confronted Wells who gave him a cashier's check in the amount of $14,650. Wells still owes the

client $8,000 from the settlement, but his attempts to collect have been unsuccessful.

Wells did not respond to a KBA complaint filed against him on January 28, 1997. This Court entered an order of temporary suspension on May 22, 1997 in the case of *Inquiry Tribunal v. Timothy L. Wells*, Ky., 944 S.W.2d 570 (1997). The order required Wells to notify his clients of his inability to continue representing them and to furnish copies of such letters to the KBA within twenty days. Wells filed his notification letters, but a bar association investigation indicated that most, if not all, of the clients never received such notification letters, nor were their files returned to them by Wells. Wells failed to comply with the KBA request for information concerning the notification letters. A special commissioner was appointed to take possession of Wells' clients' files. These charges followed.

## II. Case No. 6299

In this case, Wells was charged on September 30, 1997, with four counts of misconduct. The charge was served, but he made no response. Count I alleges that Wells violated SCR 3.130–1.3, failing to act with reasonable diligence and promptness. Count II alleges violation of SCR 3.130–1.4(a), failing to keep a client reasonably informed on the status of the matter. Count III claims violation of SCR 3.130–8.3(c), engaging in acts of dishonesty, fraud, deceit and misrepresentation. In Count IV, he was charged with violating SCR 3.130–8.1(b), failing to respond to a request for information from a disciplinary authority.

This matter involves the representation by Wells of a client in December of 1995 in an age discrimination claim against a former employer. The client believed the lawsuit had been filed and was surprised when Wells advised her that the statute of limitations had run on her claim and told her that he had just filed the suit. Three months later, the client requested a copy of the complaint and Wells and his secretary both lied to the client and no copy of the complaint was sent. Local federal court authorities determined that no complaint had been filed. The client confronted Wells and was told that the case

had been filed in Leslie County and was going to be transferred to federal court. In March of 1997, Wells told the client's daughter that he had mailed the complaint, but that it had been lost in the mail. Thereafter, he refused to return all telephone calls.

## III. Case No. 6355

Wells was charged in Count I with violating SCR 3.130–8.3(c), engaging in conduct involving dishonesty, fraud, deceit and misrepresentation and in Count II with violating SCR 3.130–8.1(b), failing to respond to a request for information from a disciplinary authority. The charge was served upon Wells, but he filed no response. The charge states that in May of 1997, Wells told a client that he represented in a personal injury case that he would settle the case for $25,000. The client authorized settlement. Subsequently, Wells gave the client a check for $5,000 which the client cashed, and a check for $10,500 which was returned for nonsufficient funds. Wells gave the client $615 in cash in an envelope and slipped it under her door and subsequently sent her $1,800 through relatives. Investigation indicates that Wells actually settled the claim with defense counsel in October of 1996 for $5,000, not $25,000 as authorized by the client in 1997. The $5,000 settlement was never authorized by the client.

## IV. Case No. 6371

Wells was charged in November of 1997. He filed no response. He was charged in Count I of violating SCR 3.130–1.3, failing to act with reasonable diligence and promptness; in Count II with violating SCR 3.130–8.3(c), engaging in acts of dishonesty, fraud and deceit, and in Count III with violating SCR 3.130–8.1(b), failing to respond to a request for information from a disciplinary authority.

The charge claims that Wells agreed to represent a client in a medical malpractice action in November of 1995. Over the next year, he repeatedly assured the client that the case was filed. In the summer of 1997, the client learned that the suit was not filed and the statutes of limitation had expired. The Board of Governors found Wells guilty

on all of the counts of all of the charges. Other than the order of temporary suspension entered in Case No. 6054 on May 22, 1997, there were no prior disciplinary cases of record.

Upon review of the decision of the Board of Governors and the entire record, it is hereby ordered that:

1. Timothy L. Wells shall be and he is hereby disbarred from the practice of law in the Courts of the Commonwealth of Kentucky as defined by SCR 3.020, until such time as this Court enters an order of reinstatement.

2. Timothy L. Wells shall not file an application for reinstatement until the expiration of five years from the date of this Order. Any application for reinstatement shall be governed by SCR 3.510 or any subsequent amendment thereto.

3. Timothy L. Wells shall pay the costs of this action in the total amount of $370.46.

4. Timothy L. Wells is ordered to notify all courts in which he has matters pending, all clients for whom he is actively involved in litigation, and similar legal matters, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States Mail within ten days of the date of this order and Timothy L. Wells shall include a copy of this order of disbarment. He shall also provide a copy of all such letters to the Director of the Kentucky Bar Association.

This Order shall be served on Timothy L. Wells by the Sheriff of Leslie County and by placing this order in the United States Mail.

All concur.

Entered: April 16, 1998.

/s/ Robert F. Stephens
    Chief Justice